NOT DESIGNATED FOR PUBLICATION

No. 128,576

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEPHEN RUSSELL SIGLE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Lyon District Court; LAURA MISER, judge. Opinion filed October 17, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).


Before BRUNS, P.J., SCHROEDER and ISHERWOOD, JJ.


PER CURIAM: Stephen Russell Sigle pleaded guilty to domestic battery. Sigle now timely appeals the district court's imposition of a jail sentence that is lengthier than what he believes is warranted. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State did not respond. Following a careful review of the record we are satisfied that the sentence imposed by the district court fell well within the boundaries of its discretion. The decision of the district court is affirmed.

1

FACTUAL AND PROCEDURAL BACKGROUND

In the summer of 2024, the State charged Sigle with aggravated burglary and felony domestic battery as it was his third or subsequent offense. Sigle agreed to plead no contest to the domestic battery in exchange for the State's dismissal of the aggravated burglary. The parties' agreement did not contain any particular sentencing recommendations.

Prior to sentencing, Sigle filed a motion requesting imposition of the minimum sentence of 90 days in jail followed by release onto probation. He asserted that probation would allow him to follow the recommendations from his mental health and alcohol evaluations whereas extended jail time would not assist with his rehabilitation efforts. The district court declined Sigle's request and concluded that a six-month jail term followed by nine months of probation was more appropriate.

Sigle contends that the district court's refusal to impose the minimum term he requested constituted an abuse of discretion. A district court abuses its discretion if its decision is the product of legal or factual errors, or is arbitrary, fanciful, or unreasonable. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). As the party claiming an abuse of discretion, Sigle bears the burden of establishing that such abuse occurred. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Sigle does not argue that the six-month jail sentence was based on a legal or factual error. To the contrary, he acknowledges that the district court had the authority to impose up to one year in jail; he simply takes the position that treatment afforded the greater opportunity to address his anger issues and history of substance abuse. Thus, merely incarcerating him for an extended period of time is arbitrary and unreasonable.

The district court's decision was reasonable. At sentencing, the State noted key dates outlining Sigle's behavior. Specifically, Sigle was convicted of three counts of domestic battery on May 9, 2024, posted bond on May 31, 2024, and was arrested the following day for the domestic battery that gave rise to the charges filed against him in this case. Accordingly, the district court did not err when it determined that Sigle presented a danger to the community and that the combination of jail time and probation was more appropriate than simply 90 days in jail. We are unable to find any basis from which to conclude that the district court abused its discretion in this case.

Affirmed.